IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**RAYMOND WILSON,**
**ALIEN # A37-334-268,**

    **Petitioner,**

**vs.**                                       **Case Number 4:07cv52-MP/WCS**

**ALBERTO GONZALES,**
**MICHAEL CHERTOFF,**
**MICHAEL ROZOS,**
**DAVID HARVEY,**
**and the DEPARTMENT OF**
**HOMELAND SECURITY**

    **Respondents.**

_____/

## REPORT AND RECOMMENDATION

When the prior order, doc. 7, was returned to the Court as undeliverable, doc. 8, efforts were made to determine whether Petitioner, who was proceeding *pro se* in this case, had been removed, released, or simply transferred to another detention facility. The court called the jail and has been advised by jail officials that Petitioner was

removed on May 1, 2007. It is apparent, then, that this action should be dismissed as moot.[1]

This is not the first time, an order was returned as undeliverable. An order, doc. 3, entered on March 13, 2007, directed Petitioner to file an amended petition. Petitioner's copy of the Order was returned to Court as "undeliverable" on March 22nd. The location of Petitioner's confinement was one of the deficiencies Petitioner needed to correct and his location, which did not appear to be in this District, effected Court's jurisdiction. The Order was re-mailed to Petitioner on March 27th and Petitioner responded by filing a brief one-page notice of an additional ground for his § 2241 petition. Doc. 6. Petitioner did not, however, sign the document and his response did not correct the deficiencies pointed out to him. Petitioner has not complied with court orders and dismissal is appropriate for this reason as well.

Of additional importance is the fact that the original petition indicated Petitioner had only been in custody for just under four months. Thus, the petition on its face did not demonstrate the 6-month removal period for Zadvydas purposes and the case would be premature. As such, Petitioner would not be entitled to relief.

Nevertheless, accepting the statement from jail officials that Petitioner was removed on May 1st, this petition appears to now be moot. The Court is unable to reach Petitioner with court orders and Petitioner has not kept the Clerk's Officer properly advised as to his whereabouts. Should Petitioner again file a § 2241 petition in the

---

[1] Notably, service was never directed in this case because it was unclear whether this Court had jurisdiction over Petitioner who had been transferred to Alabama, apparently prior to his filing this action. See doc. 7.

future, he would not be prejudiced by the dismissal of this action.  Therefore, this action should be dismissed for the multiple reasons stated above.

In light of the foregoing, it is respectfully **RECOMMENDED** that this § 2241 habeas petition be **DISMISSED** as moot because it appears Petitioner Raymond Wilson has been released from custody and has been removed, because Petitioner has not responded to court orders, and because Petitioner did not make the showing as required by Zadvydas v. Davis, 533 U.S. 678 (2001).

**IN CHAMBERS** at Tallahassee, Florida, on May 31, 2007.


    s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**